UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BILLY LEE RHOADS,

        Plaintiff,

v.

KIMBERLY L. BOOHER, et al.,

        Defendants.

_____/

Case No. 1:20-cv-1040

Honorable Hala Y. Jarbou

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## **Discussion**

I. **Factual allegations**

Plaintiff is presently incarcerated at the Osceola County Jail, located in Reed City, Osceola County, Michigan. The events about which he complains occurred at the Mecosta County Jail, located in Big Rapids, Mecosta County, Michigan. Plaintiff sues State Circuit Court Judge

Hon. Kimberly L. Booher, the Mecosta County Jail, and the 49th Judicial Circuit Court of Michigan.

Plaintiff alleges that on September 19, 2020, his aunt died of breast cancer and he sought a furlough so that he could spend time with his family. However, Defendant Booher denied his request for a furlough, as well as his motions for reconsideration. Plaintiff, who is white, states that two other non-white inmates were released on furlough to spend time with their families. Plaintiff states that he has had other family members die during his incarceration, but he is being treated differently at this time because word has leaked out that he has filed other lawsuits against corrections officials. Plaintiff also claims that the jail has opened legal mail from the Court.

Plaintiff seeks damages and equitable relief.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court

2

to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

III. **Rooker-Feldman**

Plaintiff claims that he was denied a furlough request by Defendants after he filed a request in the 49th Judicial Circuit Court of Michigan. A doctrine known as *Rooker-Feldman* limits this Court's authority to adjudicate appeals from or collateral attacks on state-court rulings. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). The *Rooker-Feldman* doctrine reflects a combination of the concepts of abstention and res judicata. *See, e.g., Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005) (citing *Feldman*, 460 U.S. at 476, and *Rooker*, 263 U.S. at 415-16). Under the doctrine, the Supreme Court's appellate jurisdiction precludes lower federal courts from engaging in appellate review of state court proceedings. *Id.* "The *Rooker-Feldman* doctrine . . . is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced

3

and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. Thus, *Rooker-Feldman* deprives a lower court of jurisdiction only when the cause of the plaintiff's complaints is the state judgment itself. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). To determine whether *Rooker-Feldman* applies, a federal court must look to the "source of the injury the plaintiff alleges in the federal complaint" and determine if the injury arises out of the state court's judgment or another source—such as a third party's actions. *Id.* at 393. However, if the third party's actions "are the product of a state court judgment, then a plaintiff's challenge to those actions are in fact a challenge to the judgment itself." *Id*. at 394.

In this case, Plaintiff's injury, the denial of a furlough, is clearly the product of a state court judgment. Therefore, this Court has no jurisdiction over Plaintiff's claims regarding the denial of furlough by the named Defendants.

IV. **Immunity**

Even if *Rooker-Feldman* did not bar this Court's exercise of jurisdiction over the events in issue, the 49th Judicial Circuit Court is immune from suit in this Court. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). A state's Eleventh Amendment immunity from suit in the federal courts is in the nature of a jurisdictional defense. *See Edelman v. Jordan*, 415 U.S. 651, 678 (1974). The

Court may therefore raise Eleventh Amendment immunity on its own motion. *See Estate of Ritter v. Univ. of Mich.*, 851 F.2d 846 (6th Cir. 1988).

The circuit courts of the State of Michigan are clearly arms of the state and, thus, immune from suit. *See, e.g., Nicklay v. Eaton Cnty. Circuit Ct.*, No. 1:08-cv-211, 2008 WL 2139613, at *5 (W.D. Mich. May 20, 2008). Under the Michigan Constitution, the judiciary is a separate and independent branch of state government. *See Judicial Attorneys Ass'n v. State of Michigan*, 586 N.W.2d 894, 897-98 (Mich. 1998). Each state court is part of the "one court of justice" established by the Michigan Constitution. Mich. Const. art. VI, § 1 ("The judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote of the members elected to and serving in each house"); *see Smith v. Oakland Cnty. Circuit Ct.*, 344 F. Supp. 2d 1030, 1055 (E.D. Mich. 2004). The circuit courts are part of the state government, not the county or the city. *Judges of the 74th Judicial Dist. v. Bay County*, 190 N.W.2d 219, 224 (Mich. 1971). The Sixth Circuit squarely has held that suits against Michigan courts are barred by Eleventh Amendment sovereign immunity. *See Abick*, 803 F.2d at 877. The Sixth Circuit decision is but one of numerous federal court holdings recognizing Eleventh Amendment immunity in suits brought against the state courts. *See Harmon v. Hamilton Cnty. Ct. of Common Pleas*, 83 F. App'x 766, 768 (6th Cir. 2003); *Metz v. Supreme Ct. of Ohio*, 46 F. App'x 228, 236-37 (6th Cir. 2002); *Mumford v. Basinski*, 105 F.3d 264, 268-70 (6th Cir. 1997); *see also Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007); *Zabriski v. Ct. Admin.*, 172 F. App'x 906, 908 (11th Cir. 2006); *Wilson v. Puma Cnty. Superior Ct.*, 103 F. App'x 285, 286 (9th Cir. 2004); *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir.1995). Furthermore, civil

5

rights actions under 42 U.S.C. § 1983 may only be brought against a "person," and courts are clearly not persons within the meaning of the statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The 49th Judicial Circuit Court must therefore be dismissed on grounds of Eleventh Amendment immunity.

In addition, the Court notes that a judge is generally absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that denying a motion filed by Plaintiff was a judicial act and that Judge Booher was acting within her jurisdiction in doing so. Accordingly, Judge Booher is absolutely immune from liability. Because Judge Booher is clearly immune from liability in this case, Plaintiff may not maintain an action for monetary damages against her. 28 U.S.C. § 1915(e)(2)(B)(iii).

Moreover, injunctive relief is also not available under § 1983, because, under the 1996 amendments to that statute, injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, any claim for injunctive relief is barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

## V. Mecosta County Jail

The Court notes that the Mecosta County jail is a building, not an entity capable of being sued in its own right. In addition, as noted above, the Court has no jurisdiction to address Plaintiff's claim that his furlough was improperly denied. Finally, to the extent that Plaintiff claims the jail opened his mail from the Court, this claim is entirely conclusory. Plaintiff fails to name the individuals who were involved, the exact nature of the mail that was allegedly opened, the dates that this occurred, or how he became aware of this conduct. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555. Therefore, Plaintiff's claims against Defendant Mecosta County Jail are properly dismissed.

## VI. Pending motion

Finally, because Plaintiff's claims are properly dismissed for lack of merit, the Court denies Plaintiff's pending motion to appoint counsel (ECF No. 10) as moot.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide

whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   December 16, 2020                    /s/ Hala Y. Jarbou
                                              HALA Y. JARBOU
                                              UNITED STATES DISTRICT JUDGE